**Sudesh KAUR, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 05–72178.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.*

Filed April 24, 2009.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, James A. Hunolt, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., John P. Buchko, Department of Justice, Washington, DC, Pardeep Singh Grewal, Oakland, CA, for Respondent.

Before: GRABER, GOULD, and BEA, Circuit Judges.

### MEMORANDUM **

Sudesh Kaur, also known as Sudesh Bagga, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004), and we deny the petition for review.

Kaur does not raise any substantive arguments in her opening brief regarding the IJ's dispositive determination that her asylum claim was time-barred. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996) (issues not supported by argument are deemed waived).

Substantial evidence supports the IJ's adverse credibility determination because Kaur's testimony regarding her alleged abduction by police and subsequent police accusations, based on both anti-Sikh and pro-Sikh activities, was inherently implausible. *See Don v. Gonzales,* 476 F.3d 738, 743 (9th Cir.2007) (testimony that is implausible can support an adverse credibility determination). Because the IJ had reason to question Kaur's credibility,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Kaur's failure to provide convincing corroborating evidence further undermines her claim. *See Sidhu v. INS*, 220 F.3d 1085, 1090–92 (9th Cir.2000). Accordingly, Kaur has failed to establish eligibility for withholding of removal. *See Li*, 378 F.3d at 964 (stating that so long as one identified ground is supported by substantial evidence and goes to the heart of the claim, the court is bound to accept the IJ's adverse credibility finding).

Because Kaur's CAT claim is based on the same testimony the IJ found to be not credible, and Kaur points to no other evidence the IJ should have considered, she has failed to establish eligibility for CAT relief. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir.2003).

### PETITION FOR REVIEW DENIED.

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.